IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOROTHY HAWKINS,<br>     Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social<br>Security Administration,<br>     Defendant. | §<br>§<br>§<br>§   Civil Action No. 3:19-CV-1995-M (BH)<br>§<br>§<br>§<br>§<br>§   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On August 20, 2019, Dorothy Hawkins (Plaintiff) filed this *pro se* appeal of the decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for benefits. (*See* doc. 3.)  After the Commissioner answered, a scheduling order was entered setting a deadline of December 12, 2019, for Plaintiff to file a brief setting forth the issues she presented, a statement of the case, her argument, and the relief sought. (*See* doc. 15.)  Plaintiff did not timely file her brief, and on May 27, 2020, an order for her to show cause in writing within fourteen days as to why she had failed to timely file her brief was entered. (*See* doc. 17.)  The order expressly provided that if Plaintiff failed to comply with the terms of the order, the case would be subject to *sua sponte* dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court

---

[1] By *Special Order No. 3-251*, this social security appeal was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

order. Plaintiff failed to comply with the show cause order by June 10, 2020, as ordered, and she has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, with or without notice to the parties." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Although dismissal under Rule 41(b) is typically without prejudice, a dismissal without prejudice may operate as a dismissal with prejudice if the dismissal prevents, or arguably may prevent, the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations. *Woods v. Social Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (citing *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)). Dismissal of a social security appeal operates as a dismissal with prejudice. *See id.* (citing 42 U.S.C. § 405(g)). It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975

F.2d 1188, 1191 (5th Cir. 1992). Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct. Plaintiff has failed to comply with an order that she file a brief setting forth the issues, a statement of the case, her argument, and the relief sought, by December 12, 2019. Since she filed her initial complaint almost one year ago, on August 20, 2019, she has filed nothing else in this case. This lack of action since then represents a "significant period[ ] of inactivity. *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988). Further, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). Plaintiff was ordered to show cause for her failure to file a brief by June 10, 2020, but she also failed to comply with that order despite express notice that failure to comply could result in dismissal of this action without further notice. Given Plaintiff's complete failure to participate in this lawsuit thus far beyond filing her complaint, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action. Moreover, the fourteen-day period for objection to the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal. Accordingly, lesser sanctions would be futile. *See McMillan v. Colvin*, No. 3:12-CV-4729, 2013 WL 5637378, at *2 (N.D.Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in

3

dismissal of her case, and where she had not taken any action in the case in the prior thirteen months).

Finally, all of the aggravating factors may be found in this case. The delay has been caused by Plaintiff. She is proceeding *pro se*, and her conduct therefore cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, given the type of case, Plaintiff's continued failure to file a brief setting forth the issues, a statement of the case, her argument, and the relief sought hampers the defendant's ability to defend this case. Finally, the delay appears to be caused by intentional conduct because she was given an opportunity to show cause why she did not file her brief, and she also failed to comply with that order. Because Plaintiff failed to follow court orders or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b). *See Coyne v. Commissioner,* No. 3:19-CV-1126-L-BK, 2020 WL 3949024 (N.D. Tex. May 28, 2020)(dismissing social security appeal under Rule 41(b) after the plaintiff failed to file follow orders to file a summary judgment motion), rec. adopted, 2020 WL 3895697 (N.D. Tex. July 10, 2020); *Elner C. Berryhill*, No. 5:18-CV-158-BQ, 2019 WL 937412 (N.D. Tex. Feb. 11, 2019) (same); *Maxwell v. Berryhill*, No. 7:17-cv-00111-M-BP, 2018 WL 2187672 (Apr. 20, 2018) (same).

### III. RECOMMENDATION

This case should be is dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a brief that complies with the

scheduling order within the time for objecting to this recommendation, or by some other time set by the Court.

    **SO ORDERED** on this 10th day of August, 2020.

                                                    IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                    IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE